IN THE MATTER OF THE PETITION OF HUBERT O. THOMPSON, COMMISSIONER, ETC., FOR THE APPOINTMENT OF COMMISSIONERS OF APPRAISAL, UNDER CHAPTER 490 OF 1883.

CLAIM OF CHARLES L. CAMMANN AND OTHERS.

*Appraisal of damages for land taken or affected by the construction of the aqueduct, under chapter 490 of 1883 — the commissioners cannot award damages for an injury to a house or land not taken, caused by an explosion of dynamite on a lot owned by the city.*

Chapter 490 of 1883, providing for the vesting in the city and county of New York of the title to all parcels of land needed for the new aqueduct, charged the commissioners of appraisal with the duty "to ascertain and appraise the compensation to be made to the owners and all persons interested in the real estate laid down on said maps, as proposed to be taken or affected, for the purposes indicated in this act." The maps indicating the lands to be taken, appropriated a parcel near the residence of the respondents. While the work was in progress an explosion of dynamite occurred, so near to the respondents residence as to very materially injure it. The commissioners allowed this damage as compensation to be made for lands "affected" by the taking for the purpose of the aqueduct, though no lands of the respondents were taken or in any way affected by the work itself.

*Held,* that the commissioners could not include these damages in the land damages, or as an incident to the condemnation of land.

APPEAL by the petitioner from an order entered in Westchester county awarding to the claimants, Charles A. Cammann and others, the sum of $1,355.71, for damages caused by the explosion of a compound of nitro-glycerine which had been stored upon land belonging to the city of New York, for the purpose of being used in the construction of the aqueduct.

On the trial before the commissioners of appraisal, appointed under the provisions of chapter 490 of 1883, the counsel for claimants offered to prove the damages occasioned to a building situated on land belonging to claimants by the explosion of dynamite stored on an adjacent lot owned by the city, and that it was incident to the construction of the aqueduct. This was objected to, and the decision was reserved. Thereafter the commissioners announced that they had decided, in relation to the offer, made by the counsel for complainants, "to prove that the damage sustained by this estate is $2,500 by reason of the explosion of this dynamite, the use of which was incident to the construction

of the aqueduct,"· to admit the evidence, reserving, however, their ultimate decision on the question of the liability of the city. The evidence was, therefore, taken ◆subject to the ultimate decision as to liability. Later on, referring to the objection of the counsel to the corporation, and its former decision to admit the evidence, the commissioner ruled as follows: "In relation to the claim filed by Charles L. Cammann and others, for damages caused by the explosion which occurred on the 2d of February, 1886, we have examined the evidence submitted and heard the arguments of counsel, and after giving the matter full consideration, have concluded that the claimant is entitled to recover compensation. It is not our intention to decide that the city of New York is to be held responsible for negligent acts of the contractors in the discharge of their duties under their respective contracts. The thirtieth section of the act provides that the work and materials called for by said contract shall be done and furnished under the direction and supervision, and subject to the inspection of the said acqueduct commission, their engineer, supervisors and inspectors. The eighteenth section provides that any owner or person interested in real estate contiguous to the aqueduct, and which may be affected by its construction, shall be entitled to compensation for damages resulting therefrom. It appears to us, therefore, that it was the manifest intention of the legislature that the owners of contiguous property should receive compensation for any damage to property affected by the construction of the aqueduct. We have for these reasons concluded that on the proofs which have been made in relation to this claim, the claimant should be allowed compensation for the damages caused by the explosion above referred to."

The report awarded to the estate the sum of $1.355.71 as "just and equitable compensation" to be paid by the city of New York "by reason of the damages to such contiguous real estate from the construction and maintenance of said aqueduct and its appurtenances." From the order confirming this report the counsel to the corporation appealed.

*E. Henry Lacombe*, for the appellant.

*Austin G. Fox* and *Fordham Morris*, for Cammann and others, respondents.

Barnard, P. J.:

By chapter 490 Laws of 1883, the city and county of New York became vested with the title in fee of all parcels of land needed for the new aqueduct, on filing the oaths of the commissioners of appraisal. No question is made of the regularity of the proceedings, and both parties claim under the act as a valid act and under proceedings regularly taken up to the filing of the oath in question which gave the fee.

By this act the commissioners were charged with the duty " to ascertain and appraise the compensation to be made to the owners, and all persons interested in the real estate laid down on said maps as proposed to be taken or affected for the purposes indicated in this act." (Chap. 490, Laws 1883, § 8.) The purpose was to build a new aqueduct, and for that purpose sites of drains, culverts, trenches and all appurtenances necessary for the work were taken (Secs. 3 and 4.) The maps indicating the lands appropriated a parcel near the residence of the appellants and while the work was progressing there was an explosion of dynamite so near it as to injure it very materially. The commissioners have allowed this damage as compensation to be made for lands affected by the taking for the purpose of an aqueduct, though no lands of the appellants were taken or in any way affected by the work itself. The act was not intended to include possible accidents even if caused by negligence as part of land damages. The city of New York may be liable in an action for the injury, but these commissioners, under their appointment of appraisal, could not include it as land damages, or as incident to the condemnation of land. The case is in no respect different from the ordinary taking of lands for condemnation, only in the first act the title is declared to be vested before the damages are appraised. No different rule of damages is established. The land must be taken in fee and the damages for lands affected, specified, did not include the injury caused by this explosion to lands not taken.

The order so far as appealed from should, therefore, be reversed, with costs and disbursements.

Pratt, J., concurred; Dykman, J., not sitting.

Part of order appealed from reversed, with costs and disbursements